FILED
2021 Nov-24  AM 11:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **HILDA BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 2:20-cv-01619-MHH** |
| | ) | |
| **KEYSTONE FOODS, LLC,** | ) | |
| **EQUITY GROUP EUFAULA** | ) | |
| **DIVISION, LLC, AND** | ) | |
| **TYSON FOODS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Tyson Foods, Inc., Equity Group Eufaula Division, LLC and Keystone Foods, LLC ("Defendants" or "Tyson")[1], pursuant to Federal Rule of Civil Procedure 56(a), hereby moves for complete summary judgment. As demonstrated below, no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law on all claims brought against it by Plaintiff Hilda Brown based on judicial estoppel. Therefore, Defendant respectfully request that this Court grant this Motion for Summary Judgment and enter an order to

---

[1] Equity Group – Eufaula Division, LLC ("EGED"), a named Defendant in this case, merged with Defendant Keystone Foods, LLC on January 1, 2021. Defendants deny that EGED is a proper defendant in this case. However, to the extent EGED is still considered a proper party to this lawsuit, it hereby adopts and incorporates all arguments stated herein on its behalf and states that all claims against it should likewise be dismissed on the grounds laid out herein.

dismiss this case, with prejudice. In support of this Motion, Defendants state as follows:

## UNDISPUTED MATERIAL FACTS

1.      On March 26, 2019, Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC"), which underlies this present lawsuit. (*See* Doc. 13-1.[2])

2.      On January 30, 2020, Plaintiff filed for Chapter 13 Bankruptcy ("Petition for Bankruptcy") in the United States Bankruptcy Court for the Middle District of Alabama. (*See* Doc. 13-2.[3])

3.      In her Petition for Bankruptcy, Plaintiff under oath answered "No" to the question of whether she had any "[c]laims against third parties, whether or not [she has] filed a lawsuit or made a demand for payment." (*See* 13-2, at 18.) The question expressly includes "employment disputes . . . or rights to sue." *Id*.

---

[2] Because Plaintiff's Complaint references her EEOC Charge (Doc. 1, ¶ 2), and she does not dispute its authenticity, the Court may consider it. *See Financial Sec. Assurance, Inc. v. Stephens, Inc*., 500 F.3d 1276, 1284-85 (11th Cir. 2007) (holding that documents referenced by plaintiff in complaint that are central to claim may be considered if contents not in dispute and defendant attaches document to motion).

[3] The Court may take judicial notice of Plaintiff's verified filings made under oath in her bankruptcy proceedings as they are "not subject to reasonable dispute" because they "can be accurately and readily determined from [a source] who accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."); *See Conroy v. Delta Air Lines, Inc.*, No. 07-61890-CIV, 2008 WL 1994830, *1 (S.D. Fla. May 8, 2008) (taking judicial notice of a bankruptcy confirmation on a motion to dismiss) (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *In re Gurley*, 357 B.R. 868, 878 (Bankr. M.D. Fla. 2006) (stating that court "may take judicial notice of the public record including documents filed and the record in other judicial proceedings").

4.     In her Petition for Bankruptcy, Plaintiff also signed and acknowledged: "I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both." (*See* Doc. 13-2, at 49.)

5.     On March 20, 2020, Plaintiff filed a Notice of Amended Schedules in her Bankruptcy proceeding. (*See* Doc. 13-3.)

6.     Again, Plaintiff represented that she did not have any "[c]laims against third parties, whether or not [she has] filed a lawsuit or made a demand for payment." (*See* Doc. 13-3 at 5.)

7.     On July 16, 2020, the EEOC issued Plaintiff a Notice of Right to Sue Letter for the claims she brought in her EEOC charge. (*See* Doc. 13-4.[4])

8.     On October 14, 2020, Plaintiff filed her Complaint in this lawsuit alleging Title VII claims of sex discrimination, sexual harassment, and retaliation and state-law tort claims of negligent retention and outrage. (Doc. 1.)

---

[4] *See* footnote 2.

9.     According to her Complaint, Plaintiff expressly seeks recovery of "back-pay (plus interest), front-pay, compensatory damages, punitive damages, and or [*sic*] nominal damages." (Doc. 1 at 13–14.)

10.     On February 9, 2021, Tyson filed an Answer to Plaintiff's Complaint asserting the defense of judicial estoppel. (Doc. 8 at 27, ¶ 29.)

11.     To date, over twenty-one (21) months since Plaintiff filed her Petition for Bankruptcy and almost twenty (20) months since she filed her Notice of Amended Schedules, Plaintiff has failed to amend her response to the question of whether she has any claims against third parties.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment when the pleadings and supporting materials demonstrate that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A plaintiff cannot defeat a properly supported motion for summary judgment without a presentation of specific facts showing a genuine issue, and may not merely rely on the general allegations of the pleadings. *See Anderson*, 477 U.S. at 248.

## LEGAL ANALYSIS

The purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The principle of judicial estoppel is designed to "prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a previous proceeding." 18 Moore's Federal Practice § 134.30 (3d ed. 2008). In *Burnes v. Pemco Aeroplex, Inc.*, the Eleventh Circuit provided two primary factors for establishing judicial estoppel. 291 F.3d 1282 (11th Cir. 2002) First, the inconsistent position must have been made under oath in a prior proceeding. *See id.* at 1285. Second, such inconsistencies must have been calculated to "make a mockery of the judicial system." *Id*.

### A. Plaintiff's Failure to Disclose Her Claims against Tyson to the Bankruptcy Court Constitutes Inconsistent Positions under Oath.

The Bankruptcy Code makes clear that a "debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court." 11 U.S.C. §§ 521(1), 541(a)(7). Further, the Eleventh Circuit has held that "[t]he duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather the debtor must amend her financial statements if circumstances change." *Robinson v. Tyson Foods, Inc*., 595 F.3d 1269, 1274 (11th Cir. 2010). This continuing duty applies to proceedings

under both Chapter 13 and Chapter 7 alike because "any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies." *Id.* (citing *De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003)).

"[A] pending lawsuit seeking monetary compensation qualifies as an asset." *Robinson*, 595 F.3d at 1274 (citing *Parker v. Wendy's Intern., Inc*., 365 F.3d 1268 (11th Cir. 2004)). The continuing duty to disclose applies regardless of whether a debtor's plan to pay his creditors has been confirmed. *See In re Waldron*, 536 F.3d 1239 (11th Cir. 2008) (explaining that a debtor had a duty to amend his schedule of assets to disclose a complaint that he filed after his plan to pay his creditors had been confirmed).

As a result, when Plaintiff's cause of action against Tyson accrued, the claim vested in the bankruptcy estate, triggering a duty upon Plaintiff to notice the claim to all creditors. See 11 U .S.C. § 1303; *see also Robinson*, 595 F.3d at 1274–75; *see also Van Hoof v. Van Hoof*, 997 So. 2d 278, 296 (Ala. 2007) (holding that "[a] cause of action accrues at the time the complained of action first gives rise to injury, even if the full extent of the injury is not apparent at the time"). Plaintiff has simultaneously represented that: (1) she has no legal claims to the bankruptcy court, (2) while also pursuing these legal claims against Tyson. This is precisely

6

the type of dual-track, under-oath inconsistency that the judicial estoppel doctrine seeks to prevent. *See Robinson*, 595 F.3d at 1273.

**B. Plaintiff's Inconsistent Positions Makes a Mockery of the Judicial System.**

Judicial estoppel may be applied only in situations involving intentional manipulation of the courts, not when the litigant's contradictory positions are the product of inadvertence or mistake. *See Burnes*, 291 F.3d at 1287. However, this intent can be inferred from the record. *See Robinson,* 595 F.3d at 1275. The Eleventh Circuit has held that a "debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Robinson*, 595 F.3d at 1275 (emphasis added) (citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1295-96 (11th Cir. 2003)). Here, the record demonstrates both knowledge and motive.

There can be no doubt that Plaintiff has had knowledge of her claims against Tyson during the pendency of her bankruptcy. Plaintiff filed a charge of discrimination with the EEOC alleging the same claims she brings in this lawsuit prior to her Petition for Bankruptcy. (*See* Doc. 13-1.) "When reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure." *See Casanova v. Pre Solutions, Inc*., 228 Fed. Appx. 837, 841 (11th Cir. 2007). Plaintiff has a motive to conceal her suit against Tyson because she stands to gain financially by

her non-disclosure. *See De Leon*, 321 F.3d at 1292. If Plaintiff's claim against Tyson settles prior to the discharge of the bankruptcy, she could keep the proceeds for herself and deny the creditors a fair opportunity to claim what is rightfully theirs. *See id*. The Eleventh Circuit has consistently held that these actions (and inactions) of failing to disclose known claims are calculated to make a mockery of the judicial system as a matter of law. *See*, *e.g.*, *De Leon*, 321 F.3d at 1291; *Robinson*, 595 F.3d at 1275–76.

Finally, any effort by Plaintiff to amend her bankruptcy schedules following this Motion would not avoid the application of judicial estoppel. The Eleventh Circuit has not accepted debtors' bankruptcy-schedule amendments after defendants raise a judicial estoppel defense. *See, e.g., Barger*, 348 F.3d at 1297 (stating "Barger's attempt to reopen the bankruptcy estate to include her discrimination claim hardly casts her in the good light she would like. She only sought to reopen the bankruptcy estate after the defendants moved the district court to enter summary judgment against her on judicial estoppel grounds."). To the contrary, the Eleventh Circuit has explained that allowing these after-the-fact amendments would "always undo the application of the judicial estoppel doctrine [and] render it toothless." *Weakley v. Eagle Logistics*, 894 F.3d 1244, 1247 (11th Cir. 2018). Accordingly, the Court should not accept any subsequent attempts by Plaintiff to amend her bankruptcy schedules to avoid judicial estoppel. *See Jones v.*

*Savage Servs. Corp.*, No. 2:17-CV-01570-AKK, 2019 WL 2058715, at *4 (N.D. Ala. May 9, 2019); *Bros. v. Bojangles' Restaurants*, Inc., No. CV-12-BE-2212-E, 2013 WL 6145332, at *9 (N.D. Ala. Nov. 21, 2013).

### C. Binding Precedent Dictates Summary Judgment for Tyson on Judicial Estoppel Grounds.

The Eleventh Circuit and this Court have held judicial estoppel forecloses plaintiffs' claims in cases factually and legally similar to this one. In those cases, the courts have consistently held that the actions by the plaintiffs constituted inconsistent statements under oath and were calculated to make a mockery of the judicial system, thus leading to dismissal on judicial estoppel grounds. Based upon this binding precedent, Tyson is entitled to judgment as a matter of law in this case.

In *Robinson v. Tyson Foods, Inc.,* 595 F. 3d 1269 (11th Cir. 2010), the plaintiff filed for Chapter 13 bankruptcy in April 2002. *Id*. at 1272. The Court confirmed the bankruptcy plan in May 2002. *Id*. In September 2005, the plaintiff resigned her employment claiming "harassment, racial abuse and intimidation" as the reason. *Id*. In October 2006, the plaintiff filed a lawsuit against her former employer alleging unlawful employment practices seeking "compensatory, punitive, and liquidated damages." *Id*. The plaintiff failed to disclose her civil suit to the bankruptcy court, and the bankruptcy was discharged in July 2007. *Id*. Thereafter, the former employer defendant moved for summary judgment on the

ground that the plaintiff was "precluded from pursuing her suit on the basis of judicial estoppel." *Id*.

The Eleventh Circuit affirmed the District Court's summary judgment, explaining that "[b]y failing to update her bankruptcy schedule to reflect her pending claim, [the plaintiff] represented that she had no legal claims to the bankruptcy court while simultaneously pursuing her legal claim against [her former employer] in the district court." *Id*. at 1275. The Court held that "[t]hese actions, both taken under oath, [were] clearly inconsistent." *Id*. The Court also noted that "[i]t [was] undisputed that [the plaintiff] had knowledge of her claims," which supported a finding that the plaintiff's actions were made with the intent to make a mockery of the judicial system. *Id*. The Court then "found that [the plaintiff] had a motive to conceal her claim because if 'she realized any proceeds from the suit prior to the discharge of her bankruptcy . . . she could have kept the proceeds for herself without their becoming part of the bankruptcy estate and going to her creditors to satisfy her debts.'" *Id*. Based on these findings, the Court held that the plaintiff was judicially estopped from pursing her claim against the defendant. *Id*. at 1277.

Likewise, in *Brothers v. Bojangles' Restaurants, Inc.*, No. CV-12-BE-2212-E, 2013 WL 6145332, at *1 (N.D. Ala. Nov. 21, 2013), the Court held that the plaintiff was judicially estopped from seeking monetary relief for her employment

claims based on an inconsistent position in her ongoing bankruptcy proceeding. There, the plaintiff filed for Chapter 13 Bankruptcy on June 7, 2011 and indicated she had no "unliquidated claims of [any] nature." *Id*. at *1. In October 2011, the plaintiff filed a charge of discrimination against Bojangles with the EEOC. *Id*. On June 19, 2012, she filed a lawsuit in federal court alleging Title VII and § 1981 violations and a state-law tort claim. *Id*.   The Plaintiff did not amend her bankruptcy petition prior to Bojangles' Motion for Summary Judgment, though she did amend her petition to include her lawsuit two weeks thereafter. *Id*. at *1–2.

Applying *Robinson*, the Court held that the plaintiff violated her "*continuing statutory duty to disclose assets in the Bankruptcy case*," which constituted "inconsistent positions under oath." *Id*. at *5 (emphasis in original).  In granting summary judgment to Bojangles, the Court rejected the plaintiff's argument that she timely rectified the inconsistency prior to discharge in Bankruptcy. *Id*. at *6. The Court explained: "When the amendment only occurs after the defendant raises a judicial estoppel argument, the Court of Appeals has applied the doctrine of judicial estoppel to bar the civil case for monetary damages despite the amendment." *Id*. (citing *Barger*, 348 F.3d at 1297). The Court did not accept plaintiff's argument that "because no final discharge [had] occurred . . . she had not yet misled the court" *Id*. at *8.

Similarly, in *Jones v. Savage Services Corp.*, No. 2:17-CV-01570-AKK, 2019 WL 2058715, at *1 (N.D. Ala. May 9, 2019), the Court dismissed all claims for monetary relief against the defendant on judicial estoppel grounds. There, too, the plaintiff had a pending EEOC charge against the defendant at the time he filed for Chapter 13 Bankruptcy. *Id.* at *2. The plaintiff declared under penalty of perjury that he was not a party to any lawsuit or administrative proceeding and had no claims against third parties. *Id.* Thereafter, he filed a lawsuit against the defendant alleging employment discrimination claims. *Id.* Noting his "continuing duty to amend his bankruptcy filings" and longstanding "inconsistent position," the Court granted the defendant's Motion for Summary Judgment on judicial estoppel grounds. *Id.* at *3–4. In doing so, the Court was unpersuaded by the plaintiff's "after-the-fact" effort to amend his bankruptcy pleading so that he could avoid judicial estoppel. *Id.* at *4.

Just like in *Robinson, Brothers,* and *Jones,* Plaintiff here clearly took inconsistent positions under oath by failing to disclose her claims against Tyson to the bankruptcy court. Further, the evidence is clear that the inconsistent positions were calculated to make a mockery of the judicial system.  Plaintiff had knowledge of her undisclosed claims against Tyson at the time her employment with Tyson ended and when she filed her EEOC charge alleging these claims—both of which occurred prior to her Petition for Bankruptcy. Further, Plaintiff had motive to

conceal her claims against Tyson from the Bankruptcy Court because she could keep any potential proceeds for herself and deny the creditors a chance to claim what is theirs. As such, Plaintiff is judicially estopped from pursuing her claims against Tyson, and Tyson is entitled to a judgment as a matter of law.

## <u>CONCLUSION</u>

For the foregoing reasons, Tyson respectfully requests that this Court grant Tyson complete summary judgment and dismiss Plaintiff's claims *with prejudice*.

Respectfully submitted,

*/s/ Stephanie H. Mays*
Stephanie H. Mays
W. Brock Phillips
Maynard Cooper & Gale, PC
1901 Sixth Avenue, North
1700 Regions Harbert Plaza
Birmingham, AL  35203
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
Email: smays@maynardcooper.com
        bphillips@maynardcooper.com
        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Eric Sheffer
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
esheffer@wigginschilds.com


*/s/ Stephanie H. Mays*
OF COUNSEL