**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **HILDA BROWN,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **CIVIL ACTION NO.:** |
| § | |
| **KEYSTONE FOODS, LLC, EQUITY** § | **2:20-cv-01619-MHH** |
| **GROUP EUFAULA DIVISION, LLC,** § | |
| **AND TYSON FOODS, INC.** § | |
| § | |
| **Defendants.** § | |
| § | |

## <u>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

**COMES NOW**, the Plaintiff, through undersigned counsel, and hereby submits this Opposition to Defendants' Motion for Summary Judgment (Doc No. 14). Defendants ask this Court to dismiss Plaintiff's claims solely for an apparent non-disclosure of her claims against Defendant in her bankruptcy filings. Defendants claim that Plaintiff's failure to amend demonstrates that she intended to "make a mockery of the judicial system" by hiding potential assets, and, therefore, she should be judicially estopped from pursing her claims in this action. As the evidence demonstrates, however, Defendants are not entitled to judgment as a matter of law on the facts presented. Defendants are simply attempting to use judicial estoppel as an offensive weapon to limit their exposure to the remedies sought by Plaintiff. Should this Court grant Defendants' motion, Plaintiff's

creditors bear the expense. This Court should allow Plaintiff and her attorneys adequate time to finalize and file the amendment to her bankruptcy filings.

The Court's equitable powers would be more appropriately used to allow Plaintiff's claims to proceed in the interest of her creditors. The only entities harmed, should this Court grant Defendants' motion, are Plaintiff and her creditors.

## I.  RESPONSE TO MOVANT'S CLAIMED UNDISPUTED FACTS

Plaintiff submits the following response to Defendants' statement of claimed undisputed facts in support of its filed motion for summary judgment.

### A. Response to Defendant's Statement of Facts

**Paragraph 9.** *Disputed, in part.* Plaintiff expressly seeks equitable relief, in addition to those monetary damages listed by the Defendants. (Doc. 1 at 13-14.)

**Paragraph 10.** *Disputed, in part.* Plaintiff consulted her bankruptcy attorneys, who are currently preparing to file amended schedules that reflect this action. (Doc 19-1 at ¶¶ 9-10.)

### B. Plaintiff's Statement of Additional Facts

1. Plaintiff's failure to disclose her claims against Defendant was inadvertent. (*See* Doc. 19-1 at ¶¶ 7-8.)
2. Plaintiff's pending bankruptcy matter has not been discharged. (*See* Doc. 19-1 at ¶ 11.)

3. Plaintiff has never sought to make a mockery of the judicial system and does not possess a motive to do so. (*See* Doc. 19-1 at ¶ 12.)

## II.     STANDARD OF REVIEW

The Eleventh Circuit has emphasized that"'[i]n ruling on a Rule 56 motion, the district court may not weigh the evidence or find facts. Instead, the court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party.'" *Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1260, fn. 7 (11th Cir. 2012) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003)). The Court "'must draw all reasonable inferences in favor of [the non-movant]'" *Holland v. Gee*, 677 F.3d 1047, 1057 (11th Cir. 2012) (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 at 150), and "'may not make credibility determinations or weigh the evidence,'" *id.*, but "'must disregard all evidence favorable to the [movant] that the jury [is] not required to believe.'" *Holland*, 677 F.3d at 1057 (quoting *Reeves*, 530 U.S. at 151).

## III.    ARGUMENT

### A.    GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT

Defendants are unable to prove the requisite elements to establish that Plaintiff should be judicially estopped from seeking the remedies plead in this case. Therefore, Defendants' motion for summary judgment should be denied.

### A. Defendants' Motion Should be Denied as it is Unable to Prove Plaintiff Intended to Make a Mockery of the Judicial System

To establish and enforce the principal of judicial estoppel, Defendant must establish that (1) the allegedly inconsistent positions were made under oath, and in a prior proceeding; and (2) the inconsistencies were calculated to make a mockery of the judicial system. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). As demonstrated below, Defendant is unable to establish that Plaintiff sought to make a mockery of the judicial system, and its motion for summary judgment should therefore be denied.

In *Slater v. United States Steel Corp.*, the 11th Circuit Court of Appeals discussed the applicable framework in discerning whether a plaintiff intended to make a mockery of the judicial system. *Slater v. United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017). The 11th Circuit found that

> when determining whether a plaintiff who failed to disclose a civil lawsuit in bankruptcy filings intended to make a mockery of the judicial system, a district court should consider all the facts and circumstances of the case. The court should look to factors such as the plaintiff's level of sophistication, his explanation for the omission, whether he subsequently corrected the disclosures, and any action taken by the bankruptcy court concerning the

>nondisclosure. We acknowledge that in this scenario the plaintiff acted voluntarily, in the sense that he knew of his civil claim when completing the disclosure forms. But voluntariness alone does not necessarily establish a calculated attempt to undermine the judicial process.

*Id.* at 1176 -1177.

As noted in *Slater,* voluntariness alone is not sufficient to make a finding that a plaintiff intended to make a mockery of the judicial system. *Slater*, 1174 F.3d at 1185 (overruling prior decisions that "permitted the inference that a plaintiff intended to make a mockery of the judicial system simply because he failed to disclose a civil claim."). Such a finding was calculated to "reduce the risk that the application of judicial estoppel will give the civil defendant a windfall at the expense of innocent creditors." *Id.* At 1186.

Defendants rely solely on Plaintiff's omissions in their assertion that Plaintiff intended to make a mockery of the judicial system. As noted above, Plaintiff's omissions alone are not sufficient to establish such a finding of intent, and all facts and circumstances should be considered in discerning a plaintiff's intent. Defendants seek a windfall to the detriment of innocent third parties. Permitting strict application of judicial estoppel, as the Defendants suggest, would allow it to "become a sword of the defense bar rather than a shield of judicial integrity." *Thompson v. Quarles*,

392 B.R. 517, 529 (Bankr. S.D. Ga. 2008). Therefore, Defendants' motion is due to be denied.

Plaintiff's omissions were inadvertent, she has since acted to remedy said omissions, and she offers reasons as to how the omissions may have occurred. (Doc. 19-1 at ¶¶ 7-8.) The Eleventh Circuit has stated that district courts may consider a plaintiff's explanation for the omissions, and her attempts to correct her disclosures. *Id.* at 1176. Plaintiff was advised to refrain from discussing her claims against Defendants with individuals, causing her awareness of said claims to wane with time. (Doc. 19-1 at ¶¶ 7-8.) Further, Plaintiff has since consulted with her bankruptcy attorneys to rectify her omissions. (Doc. 19-1 at ¶¶ 9-10.) These factors weigh in Plaintiff's favor, and show that Plaintiff did not possess the requisite intent to make a finding that she sought to make a mockery of the judicial system.

Further, in denying defendants' motions for summary judgment in similar cases, district courts have noted that "no events significant to the bankruptcy occurred, and no deadlines passed or were imminent..." *Smith v. Werner Enters.*, 65 F. Supp. 3d 1305, 1311 (S.D. Ala.). Defendants have made no showing as to any significant events in Plaintiff's bankruptcy action.

"[T]he doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." *Smith v. Werner Enters.*, 65 F. Supp. 3d 1305, 1309 (S.D. Ala.)(quoting *Burnes v. Pemco Aeroplex*, Inc., 291 F.3d 1282, 1286 (11th Cir. 2002). Therefore, Defendant's motion should be denied.

### B. Judicial Estoppel is a Flexible Rule

The Defendants have moved to dismiss all of Plaintiff's claims on the basis that they are judicially estopped from pursuing them because she failed to list the claims on her bankruptcy filings. The Supreme Court has recognized that judicial estoppel "is an equitable doctrine invoked by a court at its discretion" used "to protect the integrity of the judicial process…" *New Hampshire v. Maine,* 532 U.S. 742, 749-50 (2001)(citation omitted). The burden of proof rests with the Defendants because judicial estopped is an affirmative defense. The application of this equitable doctrine does not require application of rigid rules, but an equitable exercise of this Court's discretion. *New Hampshire*, 532 U.S. at 750.

Plaintiff requests this court exercise its discretion in denying Defendants' motion. Such a decision would allow for Defendants to be held accountable for its bad acts, and avoid awarding Defendants a windfall at the expense of innocent third parties.

### IV. **CONCLUSION**

Wherefore, for the foregoing reasons, Defendants' Motion is due to be denied and Plaintiff requests a reasonable amount of time to amend her bankruptcy filings at issue and or to allow the bankruptcy trustee an opportunity to intervene on debtors/Plaintiff's behalf.

Respectfully submitted,

*/s/ Eric C. Sheffer*

Wiggins Childs Pantazis Fisher & Goldfarb
301 19th Street North
Birmingham, Alabama
(205) 314 – 0582
esheffer@wigginschilds.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Stephanie H. Mays
W. Brock Phillips
**MAYNARD, COOPER & GALE, P.C.**
1901 6th Avenue North
1700 Regions/Harbert Plaza
Birmingham, Alabama 35203
smays@maynardcooper.com
bphillips@maynardcooper.com

*/s/ Eric C. Sheffer*
OF COUNSEL