# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HILDA BROWN,** | ) |
| **Plaintiff,** | ) |
| v. | ) CASE NO. 2:20-cv-01619-MHH |
| **KEYSTONE FOODS, LLC,** | ) |
| **EQUITY GROUP EUFAULA** | ) |
| **DIVISION, LLC, AND** | ) |
| **TYSON FOODS, INC.,** | ) |
| **Defendants.** | ) |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Defendants Tyson Foods, Inc., Equity Group Eufaula Division, LLC and Keystone Foods, LLC ("Defendants" or "Tyson")[1], submits the following Reply Brief in support of its Motion for Summary Judgment. (Doc. 14.) As demonstrated below, Plaintiff has not established a genuine issue of material fact, and Tyson is entitled to judgment as a matter of law on judicial estoppel grounds. Therefore, Tyson respectfully requests that this Court grant its Motion for Summary Judgment

---

[1] Equity Group – Eufaula Division, LLC ("EGED"), a named Defendant in this case, merged with Defendant Keystone Foods, LLC on January 1, 2021. Defendants deny that EGED is a proper defendant in this case. However, to the extent EGED is still considered a proper party to this lawsuit, it hereby adopts and incorporates all arguments stated herein on its behalf and states that all claims against it should likewise be dismissed on the grounds laid out herein. Further, at all times relevant to the lawsuit, Tyson Foods, Inc. was not Plaintiff's employer.

and enter an order dismissing this case, with prejudice. In support of this Reply Brief, Tyson states as follows:

**RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

1. Denied. The Eleventh Circuit has set forth the relevant analysis for determining whether a plaintiff's failure to disclose pending claims to the bankruptcy court is inadvertent. *See Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010). Specifically, a "debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Robinson*, 595 F.3d at 1275 (emphasis added) (citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1295-96 (11th Cir. 2003)). As explained in Tyson's Initial Brief, Plaintiff had both knowledge of her undisclosed claims and a motive for concealment. (Doc. 14 at 5–9.)

2. Admitted but immaterial. Courts within the Northern District of Alabama have applied the doctrine of judicial estoppel to similar factual circumstances even where the plaintiff's bankruptcy matter had not yet been discharged. *See Jones v. Savage Services Corp.*, No. 2:17-CV-01570-AKK, 2019 WL 2058715, at *1 (N.D. Ala. May 9, 2019); *Brothers v. Bojangles' Restaurants, Inc.*, No. CV-12-BE-2212-E, 2013 WL 6145332, at *1 (N.D. Ala. Nov. 21, 2013).

3. Denied. This paragraph contains a self-serving conclusory legal statement,[2] which Tyson's Initial Brief demonstrates is incorrect. (Doc. 14 at 7–9.)

## REPLY TO PLAINTIFF'S LEGAL ANALYSIS

As an initial matter, Plaintiff offers no argument on the first prong of the judicial estoppel analysis. (Doc. 20 at 4.) That is, Plaintiff implicitly acknowledges that she has taken inconsistent positions under oath in separate judicial proceedings. *See Goldman v. Bracewell & Guiliani, L.L.P.*, 183 Fed. App'x 873, 874 (11th Cir. 2006) (failure to respond to argument raised by opposing party waives any opposition to that argument); *Iraola & CIA S.A. v. Kimberly–Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir. 2003) ("[f]ailure to raise an issue, objection or theory of relief in the first instance to the trial court generally is fatal") (internal citations omitted). Therefore, the critical question is whether these inconsistencies "were calculated to make a mockery of the judicial system." *Robinson*, 595 F.3d at 1273. For the reasons set forth in Tyson's Initial Brief and herein below, they were. (Doc. 14 at 7–9.)

---

[2] The Eleventh Circuit has repeatedly held that a plaintiff's self-serving, conclusory allegation cannot defeat summary judgment. *See, e.g.*, *Smith v. Fed. Express Corp.*, 181 Fed. Appx. 852, 855 (11th Cir. 2006) (finding that "there [was] no evidence to support [the plaintiff's] assertion other than his own self-serving statements, which cannot defeat [the defendant's] summary judgment motion"); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) ("To survive summary judgment, the plaintiff must . . . present concrete evidence in the form of specific facts . . . Mere conclusory allegations and assertions will not suffice."); *Morefield v. Brewtown*, 442 Fed. Appx. 425, 427 (11th Cir. 2011) (finding conclusory, self-serving allegations insufficient to defeat a motion for summary judgment).

Plaintiff relies on guidance from the Eleventh Circuit in *Slater v. United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017). There, the Court explained that in analyzing whether a plaintiff intended to "make a mockery out of the judicial system," a court should consider a number of factors, including:

> the plaintiff's level of sophistication, whether and under what circumstances the plaintiff corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was party, and any findings or actions by the bankruptcy court after the omission was discovered.

*Id.* at 1176–77. These *Slater* factors weigh against Plaintiff in this case. As to the first factor, "the court cannot presume that [Plaintiff] has [only] a minimal level of sophistication." *Jones*, 2019 WL 2058715, at *3. This is especially true where, as here, Plaintiff is represented by counsel in her bankruptcy proceeding, as well as in this lawsuit. *Id.*; (Doc. 19-1, ¶¶ 7, 9.) On the second point, Plaintiff amended her bankruptcy schedules to disclose this action only after Tyson filed its Motion for Summary Judgment, which creates a "strong inference of intentional manipulation." *See Weakley v. Eagle Logistics*, 2017 WL 3781339, at *5 (N.D. Ala. Aug. 31, 2017), aff'd, 894 F.3d 1244 (11th Cir. 2018). Plaintiff also confirms that she never told her bankruptcy attorney about her claims in this lawsuit prior to Tyson's Motion for Summary Judgment. (Doc. 19-1, ¶ 8.)

As for the other *Slater* factors, Plaintiff offers no evidence in support of her argument that her intentional non-disclosure did not "make a mockery of the judicial system." *Slater,* 871 F.3d at 1176–77. For example, she offers no evidence that the trustee or her creditors had any knowledge whatsoever of her claims in this case prior to Tyson's Motion for Summary Judgment. (Doc. 20.)[3]

Plaintiff attempts to offer an "explanation" for her near-two-year failure to disclose her claims underlying this lawsuit. (Doc. 20 at 6.) First, Plaintiff essentially argues that she forgot about these claims when she filed for bankruptcy on January 30, 2020. (Doc. 20 at 6) ("Plaintiff was advised to refrain from discussing her claims against Defendants with individuals, causing her awareness of said claims to wane with time.") Even accepting this questionable premise as true, Plaintiff fails to explain why she did not amend her bankruptcy disclosures when she received a right-to-sue letter from the EEOC on or around July 16, 2020, or when she filed her Complaint in this lawsuit on October 14, 2020. (Doc. 20 at 6.) "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court." *Robinson*, 595 F.3d at 1276. That is, even if Plaintiff's awareness of her own claims did initially "wane with time," she still failed to amend her disclosures after significant reminders, in violation of her ongoing duty to disclose. *Id*.

---

[3] As to the remaining factor, Plaintiff has not disclosed any other lawsuit to which she is a party. (*See* Doc. 13-2, at 18; Doc. 13-3 at 5.)

5

Second, Plaintiff argues this Court should not grant summary judgment to Tyson because she has "since consulted with her bankruptcy attorneys to rectify her omissions." (Doc. 20 at 6.) Binding precedent forecloses this argument. "[T]he Eleventh Circuit has not accepted a debtor's stratagem of waiting for the opposing side to raise the doctrine of judicial estoppel and then amending Bankruptcy schedules as a proper means of rectifying the fault and avoiding the consequences of judicial estoppel." *Brothers*, 2013 WL 6145332, at *9. Accepting such an approach would incentivize initial non-disclosure and allow debtors to "always undo the application of the judicial estoppel doctrine [and] render it toothless." *Weakley*, 894 F.3d at 1247. Allowing Plaintiff to avoid the consequences of her wait-and-see approach would incentivize the same method for future plaintiffs and harm the integrity of the judicial process—which is exactly what the judicial estoppel doctrine is meant to safeguard. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (explaining that the purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment."). It would also reward those plaintiffs who are never caught, while bringing harm to innocent third-parties along the way.

Third, Plaintiff ironically invokes the interests of her creditors to argue that her claims in this lawsuit should not be judicially estopped. (Doc. 20 at 5, 7.) However, Plaintiff—not Tyson—is the one who actively and knowingly

6

undermined her creditors' interests for nearly two years by failing to disclose her claims at issue in this lawsuit. In fact, there is no indication that Plaintiff would have ever amended her bankruptcy schedules but for Tyson's Motion for Summary Judgment.

Plaintiff cites to a decision from the Southern District of Alabama in *Smith v. Werner Enters.*, 65 F. Supp. 3d 1305, 1311 (S.D. Ala. 2014), in support of her argument that the Court should excuse her long-standing nondisclosure. (Doc. 20 at 6.) However, the *Smith* case (which, of course, has no precedential value in this Court) is distinguishable. In *Smith*, among the "key" facts to the court's determination, "the plaintiff did not fail to disclose an existing claim in his original bankruptcy filings but failed to amend those filings in a timely manner once the claim arose." *Smith*, 65. F. Supp. 3d at 1310. Here, Plaintiff <u>did</u> fail to disclose her existing claim in her original bankruptcy filing <u>and</u> failed to subsequently amend those filings. The *Smith* court also noted "the plaintiff did amend his bankruptcy schedules . . . barely two months after filing [his lawsuit] and barely three months after first hearing that he might have a claim." *Id*. Here, Plaintiff waited almost two years to amend her bankruptcy disclosures, and only did so after Tyson's Motion for Summary Judgment, which creates a "strong inference of intentional manipulation." *See Weakley*, 2017 WL 3781339, at *5. In other words, Plaintiff's nondisclosure here is far more egregious than the nondisclosure at issue in *Smith*.

In a final attempt to avoid the consequences of her inaction, Plaintiff argues that judicial estoppel is a flexible rule and should only be invoked to "protect the integrity of the judicial process." (Doc. 20 at 7); citing *New Hampshire*, 532 U.S. at 749–50. While Plaintiff may be correct that the judicial estoppel doctrine generally has some flexibility, the Eleventh Circuit has promulgated the standard by which to determine its applicability under these circumstances. *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). Here, the evidence shows that Plaintiff took inconsistent positions under oath in separate judicial proceedings and made a mockery of the judicial system according to binding precedent. *See Robinson*, 595 F.3d at 1274–76. That Plaintiff's bankruptcy has not been discharged is immaterial to this analysis. *See Jones*, 2019 WL 2058715; *Brothers*, 2013 WL 6145332. Accordingly, to "protect the integrity of the judicial process," the Court should apply judicial estoppel here and dismiss Plaintiff's claims at issue in this lawsuit. *New Hampshire*, 532 U.S. at 749–50.

## **CONCLUSION**

For the foregoing reasons, Tyson respectfully requests that this Court grant Tyson complete summary judgment and dismiss Plaintiff's claims <u>*with prejudice*</u>.

                                                Respectfully submitted,

                                                */s/ Stephanie H. Mays*
                                                Stephanie H. Mays
                                                W. Brock Phillips

                Maynard Cooper & Gale, PC
                1901 Sixth Avenue, North
                1700 Regions Harbert Plaza
                Birmingham, AL  35203
                Telephone:  (205) 254-1000
                Facsimile:  (205) 254-1999
                Email: smays@maynardcooper.com
                       bphillips@maynardcooper.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Eric Sheffer
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
esheffer@wigginschilds.com

                                      */s/ Stephanie H. Mays*
                                      OF COUNSEL