FILED

2022 Jun-29  PM 12:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **HILDA BROWN,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.: 2:20-cv-01619-MHH** |
| } | |
| **KEYSTONE FOODS LLC, et al,** } | |
| } | |
| **Defendant.** } | |

## <u>MEMORANDUM OPINION</u>

In this Title VII action, Hilda Brown asserts claims for sex discrimination and retaliation against her former employers, Keystone Foods LLC and Tyson Foods Inc.[1]  Ms. Brown also asserts state law claims against the defendants.  The defendants contend that judicial estoppel bars Ms. Brown's claims because she did not disclose her claims against the defendants in bankruptcy proceedings.  Relying on the affirmative defense of judicial estoppel, the defendants have asked the Court

---

[1] Ms. Brown also names Equity Group – Eufaula Division, LLC as a defendant.  According to the defendants, EGED "merged with Defendant Keystone Foods, LLC on January 1, 2021," so EGED is not "a proper defendant in this case."  (Doc. 8, p. 1 n.1).

to enter judgment in their favor on Ms. Brown's claims. (Doc. 14).[2] This opinion resolves the defendants' motion for summary judgment.

This opinion begins with a discussion of the standard that a district court uses to evaluate motions for summary judgment. Then, consistent with the summary judgment standard, the Court identifies the evidence that the parties have submitted, describing the evidence in the light most favorable to Ms. Brown. Finally, the Court evaluates the evidence against the legal standards governing judicial estoppel.

## I.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To demonstrate that a genuine dispute as to a material fact precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). "The court need consider

---

[2] Judicial estoppel is an affirmative defense. *First Nat'l Bank of Oneida, N.A. v. Brandt*, 851 Fed. Appx. 904, 907 (11th Cir. 2021); *see generally* FED. R. CIV. P. 8(c). A defendant asserting the affirmative defense of estoppel bears the burden of proving it. *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989).

only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

"[A] litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment." *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018); *see also Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) ("To be sure, Feliciano's sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage."). Even if a district court doubts the veracity of certain evidence, the court cannot make credibility determinations; that is the work of jurors. *Feliciano*, 707 F.3d at 1252 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

When considering a summary judgment motion, a district court must view the evidence in the record and draw reasonable inferences from the evidence in the light most favorable to the non-moving party. *Sconiers v. Lockhart*, 946 F.3d 1256, 1260 (11th Cir. 2020). Accordingly, the Court views the evidence in the light most favorable to Ms. Brown and draws all reasonable inferences from the evidence in her favor.

## II.

Ms. Brown worked for the defendants "as a driver from approximately September 28, 2018 until her termination on November 27, 2018." (Doc. 1, p. 2, ¶ 9). Ms. Brown alleges that the defendants terminated her after she complained to

the defendants' human resources department about harassment and discrimination. (Doc. 1, pp. 11-12).[3]

On March 26, 2019, Ms. Brown filed a charge of discrimination with the EEOC.  The EEOC's Birmingham District Office received the charge.  (Doc. 13-1, p. 2).  Approximately ten months later, on January 30, 2020, Ms. Brown filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama.  (Doc. 13-2).[4]  In a section of her bankruptcy petition titled "Schedule A/B: Property," Ms. Brown responded to the following prompt:

> **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
>
> *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

(Doc. 13-2, p. 18) (bold in Doc. 13-2).  Ms. Brown checked the "No" box.  (Doc. 13-2, p. 18).  On March 20, 2020, Ms. Brown amended her bankruptcy schedules, and, in response to the same prompt, checked the "No" box.  (Doc. 13-3, p. 6).  On July 16, 2020, the EEOC sent Ms. Brown a notice of suit rights.  (Doc. 13-4).  On October 14, 2020, Ms. Brown filed this lawsuit against the defendants.  (Doc. 1).

---

[3] Discovery is not complete.  Therefore, the Court briefly recounts Ms. Brown's factual allegations in her complaint.

[4] When she filed her EEOC charge and her bankruptcy petition, Ms. Brown resided in Barbour County in Eufaula, Alabama.  (Doc. 13-2, p. 7; Doc. 13-4, p. 2).  Ms. Brown's bankruptcy attorney's office is in Enterprise, Alabama.  (Doc. 13-2, p. 12).  The lawyer who represented Ms. Brown before the EEOC works from an office located in Birmingham.  (Doc. 13-4, p. 2).

On November 24, 2021, the defendants moved for summary judgment based on judicial estoppel.  (Doc. 14).  On December 22, 2021, Ms. Brown declared that she "recently contacted [her] bankruptcy attorneys . . . and informed them of this action."  (Doc. 19-1, p. 2, ¶ 9).  On December 27, 2021, Ms. Brown filed another notice of amended schedules with the bankruptcy court in which she disclosed a "post petition employment discrimination claim."  *See* Bankruptcy Petition #: 20-10143, M.D. Ala., Doc. 44-1, pp. 4-5 (emphasis omitted).

The Bankruptcy Court dismissed Ms. Brown's Chapter 13 case for failure to make the payments required under the plan.  *See* Bankruptcy Petition #: 20-10143, M.D. Ala., Doc. 48.

## III.

"The equitable doctrine of judicial estoppel is intended to 'prevent the perversion of the judicial process' and 'protect [its] integrity . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'"  *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)).  The doctrine "rests on the principle that 'absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.'"  *Slater*, 871 F.3d at 1180-81 (quoting *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d

355, 358 (3d Cir. 1996)). "When a party does so, the doctrine of judicial estoppel allows a court to exercise its discretion to dismiss the party's claims." *Slater*, 871 F.3d at 1180.

A district court may apply judicial estoppel when a defendant demonstrates that a plaintiff "(1) took a position under oath in [a] bankruptcy proceeding that was inconsistent with the plaintiff's pursuit of the civil lawsuit and (2) intended to make a mockery of the judicial system." *Slater*, 871 F.3d at 1180. Here, in her bankruptcy proceeding, Ms. Brown twice indicated that she did not have a claim against a third party, (Doc. 13-2, p. 18; Doc. 13-3, p. 6), while she pursued employment claims against the defendants in this action.

To "determine whether a plaintiff's inconsistent statements were calculated to make a mockery of the judicial system, a court should look to all the facts and circumstances of the particular case." *Slater*, 871 F.3d at 1185.

> When the plaintiff's inconsistent statement comes in the form of an omission in bankruptcy disclosures, the court may consider such factors as the plaintiff's level of sophistication, whether and under what circumstances the plaintiff corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which [she] was party, and any findings or actions by the bankruptcy court after the omission was discovered.

*Slater*, 871 F.3d at 1185.  "[T]his list is not exhaustive; [a] district court is free to

consider any fact or factor it deems relevant to the intent inquiry."  *Slater*, 871 F.3d

at 1185 n.9.

> When a district court applies a judicial estoppel bar based on
> nondisclosure in a bankruptcy proceeding without determining that the
> plaintiff deliberately intended to mislead, the civil defendant avoids
> liability on an otherwise potentially meritorious civil claim while
> providing no corresponding benefit to the court system.  As an equitable
> doctrine, judicial estoppel should apply only when the plaintiff's
> conduct is egregious enough that the situation "demand[s] equitable
> intervention."  *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S.
> 238, 248, 64 S.Ct. 997, 88 L.Ed. 1520 (1944).  When a plaintiff
> intended no deception, judicial estoppel may not be applied.  If a court
> applies judicial estoppel to bar the plaintiff's claim absent such intent,
> it awards the civil defendant an unjustified windfall.  Just as equity
> frowns upon a plaintiff's pursuit of a claim that [she] intentionally
> concealed in bankruptcy proceedings, equity cannot condone a
> defendant's avoidance of liability through a doctrine premised upon
> intentional misconduct without establishing such misconduct.  *See
> Coral Springs St. Sys, Inc. v. City of Sunrise*, 371 F.3d 1320, 1340-41
> (11th Cir. 2004) (explaining that a court of equity must "promote and
> enforce justice, good faith, uprightness, fairness and conscientiousness"
> from both plaintiff and defendant (internal quotation marks omitted)).

*Slater*, 871 F.3d at 1187-88 (internal footnote omitted).

Ms. Brown contends that she intended no deception.  She asserts,

7.     Before filing my charge of discrimination leading to this action,
my attorneys advised me to refrain from speaking to anyone about this
case.

8.     My failure to disclose my charge of discrimination and this case
to my bankruptcy attorneys was inadvertent, as they were not at the
front of my mind because I was not speaking to anyone about them.

(Doc. 19-1, p. 1, ¶¶ 7-8).  A district court does not have to "accept the testimony of the plaintiff that her misstatements in the bankruptcy proceeding were not made with intent to mislead, even if that testimony is uncontradicted," *Slater*, 871 F.3d at 1190 (C.J. Carnes, concurring); *see also Slater*, 871 F.3d at 1186 n.12, but "the facts and circumstances of [this] particular case" suggest that Ms. Brown is being truthful, *Slater*, 871 F.3d at 1185.

When Ms. Brown first indicated in a bankruptcy filing in the Middle District of Alabama that she did not have a claim against a third party, ten months had passed since she had filed her charge of discrimination in the EEOC's Birmingham office with the help of a Birmingham attorney.[5]  Viewing the record in the light most favorable to Ms. Brown, the distance between the two proceedings, in months and in miles, lends credence to Ms. Brown's assertion that her employment claims were "not at the front of [her] mind" when she prepared her bankruptcy schedules.  (Doc. 19-1, p. 1, ¶ 8).  Ms. Brown also may not have understood that her employment claims against the defendants qualified as a claim against a third party.  *See Slater*, 871 F.3d at 1186 ("It is not difficult to imagine that some debtors, particularly those proceeding *pro se*, may not realize that a pending lawsuit qualifies as a 'contingent and unliquidated claim' that must be disclosed on a schedule of assets.").

---

[5] Two months later, Ms. Brown indicated for the second time that she did not have a claim against a third party.

The defendants argue that Ms. Brown has not explained "why she did not amend her bankruptcy disclosures when she received a right-to-sue letter from the EEOC on or around July 16, 2020, or when she filed her Complaint in this lawsuit on October 14, 2020." (Doc. 22, p. 5). The defendants correctly point out that the "duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather the debtor must amend [her] financial statements if circumstances change." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010) (internal citation and quotation marks omitted); (*see also* Doc. 22, p. 5). But Ms. Brown has explained that the attorneys who prepared her EEOC charge and later filed this action on her behalf "advised [her] to refrain from speaking to anyone about this case." (Doc. 19-1, p. 1, ¶ 7). There is no evidence that Ms. Brown previously had filed for bankruptcy or that she otherwise understood her disclosure obligations in the bankruptcy proceeding. Given the distance between them, it is unlikely that Ms. Brown's employment lawyers and her bankruptcy lawyers would have conferred on their own accord.[6] Viewed in the light most favorable to Ms. Brown, the record indicates that Ms. Brown's lack of sophistication and experience

---

[6] It is safe to assume that both sets of lawyers understand their ethical obligations, and neither would risk jeopardizing Ms. Brown's interest in her bankruptcy proceedings or in this action if the left hand knew what the right was doing.

with bankruptcy proceedings contributed to her failure to disclose her claims against the defendants in her bankruptcy proceeding.[7]

The Eleventh Circuit has tried to "reduce the risk that the application of judicial estoppel will give the civil defendant a windfall at the expense of innocent creditors." *Slater*, 871 F.3d at 1186.  Though the Bankruptcy Court dismissed Ms. Brown's Chapter 13 case, her debts remain.  Viewing the record in the light most favorable to Ms. Brown and balancing the competing interests in this case, the Court will not provide Keystone Foods and Tyson Foods a windfall at the expense of innocent creditors because the defendants have not established, as a matter of law, that Ms. Brown's conduct was calculated and deliberate.

## CONCLUSION

For the reasons discussed above, on the current record, the Court declines to apply the doctrine of judicial estoppel to bar Ms. Brown's employment claims.  If they choose, the defendants may raise the doctrine of judicial estoppel on a complete evidentiary record at the close of discovery.

---

[7] Courts often consider a plaintiff's experience in bankruptcy proceedings when examining whether a plaintiff intended to make a mockery of the judicial system by failing to disclose claims against third parties in filings in a bankruptcy court.  *See Weakley v. Eagle Logistics*, 894 F.3d 1244, 1246-47 (11th Cir. 2018) (The plaintiff "had filed four other bankruptcy petitions, demonstrating that [he] should have been familiar with the requirements.") (internal quotation marks omitted); *Jones v. Savage Servs. Corp.*, No.: 2:17-CV-01570-AKK, 2019 WL 2058715, at *3 (N.D. Ala. May 9, 2019) ("As an initial matter, the court cannot presume that [the plaintiff] has a minimal level of sophistication.  To the contrary, this was the second bankruptcy petition in which [the plaintiff] was represented by his bankruptcy counsel.).

**DONE** and **ORDERED** this June 29, 2022.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE